**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SCOTT J. MOLENARO, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>CREDIT CONTROL, LLC; and JOHN DOES 1-25.<br><br>Defendant(s). | Civil Case No.: _____<br><br>CIVIL ACTION<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Scott J. Molenaro, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants, CREDIT CONTROL, LLC (hereinafter "CCLLC"); and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

**PRELIMINARY STATEMENT**

1.  Plaintiff brings this action for damages arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.  Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

**DEFINITIONS**

4. As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of the State of New Jersey, County of Passaic, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. CCLLC is a limited liability company with its business located at 5757 Phantom Drive, Suite 330, Hazelwood, Missouri 63042.

8. Upon information and belief, Defendant CCLLC is a business that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. CCLLC is a "debt collector" as that term is defined by 15 U.S.C. §1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a statewide class action. The Class consists of:

> **Class:**
>
> All New Jersey consumers who were sent letters and/or notices from CCLLC attempting to collect a debt owed to KOHLS, that was charged off prior to the date of the letter, which stated in part:
>
> Because of interest, late charges and other charges that may be assessed by your creditor that vary from day to day, the amount due on the day you pay, may be greater, Thus, if you pay the total amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you.
>
> When in fact, interest and/or late charges, and/or other charges were not being charged.

- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that are sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.  Whether Defendant violated various provisions of the FDCPA;

    b.  Whether Plaintiff and the Class have been injured by Defendants' conduct;

    c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small

claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class.

## FACTUAL ALLEGATIONS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

15. CCLLC collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

16. CCLLC is a "debt collector" as defined by 15 U.S.C. §1692a(6).

17. Sometime prior to July 2012, Plaintiff allegedly incurred a financial obligation to Capital One.

18. The Capital One obligation was related to a KOHLS charge card.

19. On or before December 31, 2012, the Capital One/KOHLS obligation was declared to be in default.

20. Plaintiff's last payment on the Capital One/KOHLS obligation was made on or before July 16, 2012.

21. Capital One is a "creditor" as defined by 15. U.S.C. §1692a(4).

22. KOHLS is a "creditor" as defined by 15. U.S.C. §1692a(4).

23. Sometime subsequent to March 15, 2016, either directly or through intermediate transactions assigned, placed, or transferred the Capital One/KOHLS obligation to CCLLC for the purpose of collection.

24. At the time the Capital One/KOHLS obligation was assigned, placed, or transferred to CCLLC, such obligation was in default.

25. CCLLC, caused to be delivered to Plaintiff letter dated March 15, 2016 concerning the alleged Capital One/KOHLS obligation. A copy of said letter is annexed hereto as **Exhibit A** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy.

26. The March 15, 2016 letter was sent or caused to be sent by persons employed by CCLLC as a "debt collector" as defined by 15 U.S.C. §1692a(6).

27. The March 15, 2016 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

28. Upon receipt, Plaintiff read the March 15, 2016 letter.

29. CCLLC contends that the alleged Capital One/KOHLS obligation is in default.

30. The alleged Capital One/KOHLS obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

31. The March 15, 2016 letter claimed the balance due from Plaintiff to be $564.69 concerning the Capital One/KOHLS debt and stated the following:

> Because of interest, late charges and other charges that may be assessed by your creditor that vary from day to day, the amount due on the day you pay, may be greater, Thus, if you pay the total amount shown above,

        an adjustment may be necessary after we receive your check, in which event we will inform you.

32. CCLLC, caused to be delivered to Plaintiff letter dated May 8, 2016 concerning the alleged Capital One/KOHLS obligation. A copy of said letter is annexed hereto as **Exhibit B** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy.

33. The May 8, 2016 letter was sent or caused to be sent by persons employed by CCLLC as a "debt collector" as defined by 15 U.S.C. §1692a(6).

32. The May 8, 2016 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

33. Upon receipt, Plaintiff read the May 8, 2016 letter.

34. The May 8, 2016 letter contends that the alleged Capital One/KOHLS obligation is still in default.

35. The May 8, 2016 letter claimed the balance due from Plaintiff to be $564.69 concerning the Capital One/KOHLS debt and stated the following:

        Because of interest, late charges and other charges that may be assessed by your creditor that vary from day to day, the amount due on the day you pay, may be greater, Thus, if you pay the total amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you.

36. CCLLC regularly sends letters seeking to collect debts, which are due to KHOLS which stated in part:

        Because of interest, late charges and other charges that may be assessed by your creditor that vary from day to day, the amount due on the day you pay, may be greater, Thus, if you pay the total amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you.

When in fact interest and/or late charges, and/or other charges were not being charged.

## POLICIES AND PRACTICES COMPLAINED OF

37. It is CCLLC's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A,** , which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) Threatening to take any action that cannot legally be taken or that is not intended to be taken; and

38. On information and belief, CCLLC has sent written communication, in the form annexed hereto as Exhibit A, to at least 30 natural persons in the State of New Jersey.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

39. Plaintiff repeats the allegations contained in paragraphs 1 through 45 as if the same were set forth at length.

40. Collection letters and/or notices, such as those sent by the Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

41. CCLLC engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10) and 1692f.

42. Section 1692e of the FDCPA provides:

   **§1692e.    False or misleading representation [Section 807 of P.L.]**

   **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the application of the foregoing, the following conduct is a violation:**

   **(2)    The false representation of --**

    **(A)**   **the character, amount, or legal status of any debt;...**

  **(5)**   **The threat to take any action that cannot legally be taken or that is not intended to be taken...**

  **(10)**   **The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer...**

43. The least sophisticated upon reading the March 15, 2016 letter would be mislead as to the character, as he would be lead to believe that the KOHLS obligation was still actively accruing interest, late charges, and other charges, when in fact it was not.

44. CCLLC violated 15 U.S.C. §1692e(2) by falsely representing the character of the KOHLS obligation.

45. The least sophisticated upon reading the March 15, 2016 letter would be mislead as to action being taken by CCLLC and/or KOHLS, as he would be lead to believe that the KOHLS obligation was still actively accruing interest, late charges, and other charges, when in fact it was not.

46. CCLLC violated 15 U.S.C. §1692e(5) by threatening that CCLLC and/or KOHLS would be adding interest, late charges, and other charges to the obligation when in fact it had no intention to take such action.

47. The least sophisticated consumer upon reading the March 15, 2016 letter would be confused as to whether or not the KOHLS obligation was still actively accruing interest, late charges, and other charges.

48. CCLCC designed the March 15, 2016 letter in such a way as to lead the least sophisticated consumer into believing that he should pay the obligation sooner rather later in order to avoid the amount of the debt increasing due to interest, late charges, and other charges.

49. CCLCC knew at the time the March 15, 2016 letter was mailed to Plaintiff that the amount of the debt was not going to increase due to interest, late charges, and other charges.

50. CCLLC violated 15 U.S.C. §1692e(10) as the March 15, 2016 letter is misleading because it can be read to have two or more meanings and at least one of which is inaccurate;

   a. That the KOLHS obligation was still accruing interest, late charges, and other charges; or

   b. That the KOLHS obligation was no longer accruing interest, late charges, and other charges because the obligation was charged off.

51. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

52. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

53. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

54. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

55. Plaintiff suffered an informational injury due to Defendant's violation of 15 U.S.C. 1692e(2)(A) of the FDCPA by making a false representation of the character, amount or legal status of the debt.

56. Plaintiff suffered a risk of economic injury due to Defendant's violation of 15 U.S.C. 1692e(2)(A) of the FDCPA by making a false representation of the character, amount or legal status of the debt.

57. Plaintiff suffered a risk of economic injury due to Defendant's violation of 15 U.S.C. § 1692e(5) by Defendant threatening to take any action that cannot legally be taken.

58. Plaintiff suffered an informational injury due to Defendant's violation of 15 U.S.C. 1692e(10) of the FDCPA by providing misleading information as to obligation accruing interest, late charges, and other charges.

59. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

60. Plaintiff has and will continue to suffer actual damages and other damages as a direct result of the Defendant's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against the Defendant on each count as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorneys, Joseph K. Jones, Esq. and Laura S. Mann, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Pre-judgment interest;

(d) Post judgment interest;

(e) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: February 11, 2017

        *s/ Joseph K. Jones*
        Joseph K. Jones, Esq.
        Jones, Wolf & Kapasi, LLC
        375 Passaic Avenue, Suite 100
        Fairfield, New Jersey 07004
        (973) 227-5900 telephone
        (973) 244-0019 facsimile
        jkj@legaljones.com

        */s/ Laura S. Mann*
        Laura S. Mann, Esq.
        Law Offices of Laura S. Mann, LLC
        85 Newark Pompton Turnpike
        Riverdale, New Jersey 07457
        973-506-4881 (telephone)
        973-506-4883 (fax)
        laura@MannLegal.biz

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

        */s/ Joseph K. Jones*
        Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: February 11, 2017

                                          *s/ Joseph K. Jones*
                                          Joseph K. Jones, Esq.

# Exhibit A

| | | |
|---|---|---|
| 5757 Phantom Dr, Ste 330<br>Hazelwood, MO 63042<br>Ph: 866-417-5776 | **Credit Control, LLC** | Hours of Operation:<br>M-TH 8:00-8:00, FR 8:00-5:00<br>Sat: 8:00-12:00 |

## ACCOUNT INFORMATION

| | | | | |
|---|---|---|---|---|
| Our Client: | Kohls | | Principal Balance: | $564.69 |
| | | | Interest Balance: | $0.00 |
| Original Creditor Grantor: | Capital One | | Other Balance: | $0.00 |
| | | | Balance Due: | $564.69 |
| Our Account: | | | Charge Off Date: | 12/31/2012 |
| Client Account #: | XXXXXXXXXXXX9735 | | Last Pay Date: | 07/16/2012 |
| | | | Delinquency Date: | |

### $$$ Save big money by putting your tax refund to work! $$$

Sometimes difficult situations arise that can cause financial hardship. We want to help you resolve your account and we are authorized to offer you the below affordable options for you to pay off this account.

1. Pay 50% of the current balance in 1 payment of $282.35 on or before 04/22/2016.
2. Pay 50% of the current balance in 3 consecutive monthly payments of $94.12 on or before 04/22/2016.
3. Pay 100% of the current balance in 12 consecutive monthly payments of $47.06 on or before 04/22/2016.

Get started and take advantage of one of these options to move you closer to debt reduction and less financial worry!

This letter is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.



**Pay Online:**
http://www.credit-control.com/makeapayment.html



Call Toll-Free 866-417-5776 to discuss payment arrangements. Let Us prove how committed we are to working with you!



**Pay by Mail:**
PO Box 488
Hazelwood, Mo 63042

**NOTICE:
SEE REVERSE SIDE FOR
IMPORTANT INFORMATION**

---

**PLEASE DETACH LOWER PORTION AND RETURN WITH PAYMENT IN THE ENCLOSED ENVELOPE**

ONCRCT02
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

For your convenience, we accept:
**VISA, MasterCard & AmEx**

**PLEASE SEND ALL CORRESPONDENCE TO:**

March 15, 2016

CREDIT CONTROL LLC
PO BOX 488
HAZELWOOD MO 63042


Scott J Molenaro

ACCOUNT NO #:
AMOUNT OWED: $564.69

☐ Check here if there is new contact information and complete section 2 on reverse side.

Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations. This notice in no way affects any rights you may have.

Because of interest, late charges and other charges that may be assessed by your creditor that vary from day to day, the amount due on the day you pay, may be greater. Thus, if you pay the total amount due shown above, an adjustment may be necessary after we receive your check, in which event we will inform you.

### PAYMENT OPTIONS

- Payments may be made online at http://www.credit-control.com/makeapayment.html
- Make checks payable to: Credit Control LLC
- Pay with VISA, MasterCard or American Express by completing and returning sections 1 and 2 in the form below or by calling our office.

**Please complete this section and return in the enclosed envelope.**

You are hereby authorized to charge my credit card account.

**1**

| CHECK ONE | ☐ VISA | ☐ MasterCard | ☐ AmerExp | EXP. DATE / | PAYMENT AMOUNT $ |
|---|---|---|---|---|---|
| CARD NUMBER | | | | | *CVV Number |
| CARDHOLDER'S NAME | | CARDHOLDER SIGNATURE | | | |
| CARDHOLDER ADDRESS | | CITY | | STATE | ZIP |

**2**

| PRIMARY PHONE NUMBER | SECONDARY PHONE NUMBER | | |
|---|---|---|---|
| ADDRESS | CITY | STATE | ZIP CODE |

\* For Visa/MasterCard, the three-digit CVV number is printed on the signature panel on the back of the card immediately after the card's account number. For American Express, the four-digit CVV number is printed on the front of the card above the card account number.

# Exhibit B

| | | |
|---|---|---|
| 5757 Phantom Dr, Ste 330<br>Hazelwood, MO 63042<br>Ph: 866-417-5776 | **Credit Control, LLC** | Hours of Operation:<br>M-TH 8:00-8:00, FR 8:00-5:00<br>Sat: 8:00-12:00 |

## ACCOUNT INFORMATION

| | | | |
|---|---|---|---|
| Our Client: | Kohls | Principal Balance: | $564.69 |
| Original Creditor<br>Grantor: | Capital One | | |
| | | Balance Due: | $564.69 |
| Our Account: | | Charge Off Date: | 12/31/2012 |
| Client Account #: | XXXXXXXXXXXX9735 | Last Pay Date: | 07/16/2012 |

### Take control of your finances and honor your contract at the same time!

Sometimes difficult situations arise that can cause financial hardship. We want to help you resolve your account and we are authorized to offer you the below affordable options.

1. Pay 50% of the current balance in 1 payment of $282.35 on or before 06/10/2016.

2. Pay 50% of the current balance in 3 consecutive monthly payments of $94.12 with your first payment to begin on or before 06/10/2016.

3. Pay 100% of the current balance in 12 consecutive monthly payments of $47.06 with your first payment to begin on or before 06/10/2016.

Get started and take advantage of one of these options to move you closer to debt reduction and less financial worry! We are not obligated to renew this offer.

This letter is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.



Pay Online:
http://www.credit-control.com



Call Toll-Free 866-417-5776 to discuss payment arrangements. Let Us prove how committed we are to working with you!



Pay by Mail:
PO Box 488
Hazelwood, Mo 63042

**NOTICE:**
**SEE REVERSE SIDE FOR**
**IMPORTANT INFORMATION**

---

PLEASE DETACH LOWER PORTION AND RETURN WITH PAYMENT IN THE ENCLOSED ENVELOPE

ONCRCT02
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

For your convenience, we accept:
**VISA, MasterCard & AmEx**    ▶

May 8, 2016

PLEASE SEND ALL CORRESPONDENCE TO:

CREDIT CONTROL LLC
PO BOX 488
HAZELWOOD MO 63042

Scott J Molenaro

ACCOUNT NO #:
AMOUNT OWED: $564.69

☐ Check here if there is new contact information and complete section 2 on reverse side.

Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations. This notice in no way affects any rights you may have.

Because of interest, late charges and other charges that may be assessed by your creditor that vary from day to day, the amount due on the day you pay, may be greater. Thus, if you pay the total amount due shown above, an adjustment may be necessary after we receive your check, in which event we will inform you.

Please be aware that if the amount of principal debt forgiven as a result of settlement is equal to or greater than $600.00, the current creditor may be required by Internal Revenue Code Section 6050P to issue a form 1099c. If you have any questions regarding your personal taxes, it is recommended you consult with a certified public accountant or other tax professional.

## PAYMENT OPTIONS

- Payments may be made online at http://www.credit-control.com
- Make checks payable to: Credit Control LLC
- Pay with VISA, MasterCard or American Express by completing and returning sections 1 and 2 in the form below or by calling our office.

**Please complete this section and return in the enclosed envelope.**

You are hereby authorized to charge my credit card account.

**1**

| CHECK ONE | ☐ VISA | ☐ MasterCard | ☐ AmerExp | EXP. DATE / | PAYMENT AMOUNT $ |
|---|---|---|---|---|---|
| CARD NUMBER | | | | | *CVV Number |
| CARDHOLDER'S NAME | | | CARDHOLDER SIGNATURE | | |
| CARDHOLDER ADDRESS | | | CITY | STATE | ZIP |

**2**

| PRIMARY PHONE NUMBER | SECONDARY PHONE NUMBER | | |
|---|---|---|---|
| ADDRESS | CITY | STATE | ZIP CODE |

* For Visa/MasterCard, the three-digit CVV number is printed on the signature panel on the back of the card immediately after the card's account number. For American Express, the four-digit CVV number is printed on the front of the card above the card account number